UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IVAX CORPORATION, *et al.*,

                Plaintiffs,

      v.

AZTEC PEROXIDES, LLC
555 Garden Street
Elyria, Ohio 44035, *et al.*,

                Defendants.

Case No. 1:02CV00593 (JR)

**ANSWER OF AZTEC PEROXIDES, LLC
TO AMENDED CLASS ACTION COMPLAINT**

Defendant Aztec Peroxides, LLC ("Aztec"), in answer to the allegations of the
Amended Class Action Complaint ("Amended Complaint"), admits, denies and avers as follows:

1.    Aztec admits that Paragraph 1 of the Amended Complaint purports to summarize
plaintiffs' allegations in the Amended Complaint.

**NATURE OF THE CASE**

2.    Aztec admits that the plaintiffs purport to bring this lawsuit as a class action on
behalf of certain purchasers of "organic peroxides," and admits that certain organic peroxides
can have the properties described in Paragraph 2 of the Amended Complaint and can be useful in
the formation of certain plastics, and in certain industries.  Aztec denies the remaining
allegations of Paragraph 2 of the Amended Complaint.

3.    Aztec denies each and every allegation contained in Paragraph 3 of the Amended

Complaint.

## JURISDICTION AND VENUE

4.    Aztec admits that Plaintiffs purport to bring an action pursuant to the statutes referenced in Paragraph 4 of the Amended Complaint.

5.    Aztec avers that Paragraph 5 of the Amended Complaint contains legal conclusions and statements of law to which no response is required, but to the extent a response is necessary, denies each and every allegation.

6.    Aztec avers that Paragraph 6 of the Amended Complaint contains legal conclusions and statements of law to which no response is required, but to the extent a response is necessary, denies each and every allegation.

## PARTIES AND CO-CONSPIRATORS

7.    Aztec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8.    Aztec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.

9.    Aztec denies the allegations of Paragraph 9 of the Amended Complaint, which incorrectly names Aztec as Aztec Peroxides Inc., and avers that since 2000, it has been a Delaware limited liability company, before which (during what is defined in the Amended Complaint as the "Class Period") it was a Delaware corporation.  Aztec further avers that its principal place of business is in Elyria, Ohio and that it engages in the manufacture, distribution, and sale of certain organic peroxides in the United States.

10.  Aztec denies the allegations of Paragraph 10 of the Amended Complaint, and avers that, during what is defined in the Amended Complaint as the "Class Period," it was a wholly-owned subsidiary of Laporte plc, a corporation organized under the laws of the United

DC1:515473.1

2

Kingdom and having its principal place of business in London, England, and that in 2001, Laporte plc's name was changed to Degussa UK Holdings Ltd.

11. Aztec admits that Degussa AG is a German corporation with its principal place of business in Dusseldorf, Germany, that in 2001, Laporte plc became an indirect wholly-owned subsidiary of Degussa AG and its name was changed to Degussa UK Holdings Ltd., and that plaintiffs refer to Aztec, Laporte, and Degussa as the Aztec Group.

12. Aztec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13. Aztec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14. Aztec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint.

15. Aztec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16. Aztec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint.

17. Aztec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint, except Aztec denies that is conspired with Akzo Nobel Chemicals, B.V., or any other entity.

18. Aztec is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint, except Aztec denies that is conspired with Akzo Nobel Inc., or any other entity.

19. Aztec denies each and every allegation of Paragraph 19 of the Amended Complaint.

DC1:515473.1

20.  Aztec denies each and every allegation of Paragraph 20 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

21.  Aztec denies the allegations in Paragraph 21 of the Amended Complaint, except admits that Plaintiffs purport to bring an action pursuant to Federal Rule of Civil Procedure 23 and its subparts.

22.  Aztec denies the allegations of Paragraph 22 of the Amended Complaint, except Aztec is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding plaintiffs beliefs.

23.  Aztec denies each and every allegation of Paragraph 23 of the Amended Complaint.

24.  Aztec denies each and every allegation of Paragraph 24 of the Amended Complaint.

25.  Aztec denies each and every allegation of Paragraph 25 of the Amended Complaint.

26.  Aztec denies each and every allegation of Paragraph 26 of the Amended Complaint.

27.  Aztec denies each and every allegation of Paragraph 27 of the Amended Complaint.

## TRADE AND COMMERCE

28.  Aztec denies each and every allegation of Paragraph 28 of the Amended Complaint.

29.  Aztec denies each and every allegation of Paragraph 29 of the Amended Complaint.

DC1:515473.1

## FACTS

30.   Aztec denies each and every allegation of Paragraph 30 of the Amended Complaint, except admits that certain organic peroxides can be used in connection with the manufacture of certain products, including certain plastics.  Aztec admits further that certain organic peroxides can be used as chemical catalysts in the manufacture of plastics, and that certain organic peroxides can be used in polymer manufacture.

31.   Aztec is without knowledge or information about the source of the factual allegations of Paragraph 31 of the Amended Complaint and cannot form a belief as to the truth of the allegations, except Aztec admits that Akzo Nobel, Atofina and the Aztec Group, as described in the Amended Complaint by the plaintiffs, are the three largest global producers of organic peroxides.

32.   Aztec is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Amended Complaint, except Aztec admits that it operates a manufacturing facility in Elyria, Ohio.

33.   Aztec denies each and every allegation of Paragraph 33 of the Amended Complaint.

34.   Aztec denies each and every allegation of Paragraph 34 of the Amended Complaint.

35.   Aztec denies each and every allegation of Paragraph 35 of the Amended Complaint.

36.   Aztec denies each and every allegation of Paragraph 36 of the Amended Complaint.

37.   Aztec denies each and every allegation of Paragraph 37 of the Amended

DC1:515473.1

5

Complaint.

38.   Aztec denies each and every allegation of Paragraph 38 of the Amended
Complaint.

39.   Aztec is without knowledge or information sufficient to form a belief as to the
truth of the allegations of Paragraph 39 of the Amended Complaint, and avers that the document
cited therein speaks for itself.

40.   Aztec is without knowledge or information sufficient to form a belief as to the
truth of the allegations of Paragraph 39 of the Amended Complaint, except denies that Elf
Atochem S.A. pleaded guilty to a conspiracy covering organic peroxides other than t-butyl
perbenzoate and t-butyl peracetate dedicated to styrene polymerization.

## [ALLEGED] FRAUDULENT CONCEALMENT AND OTHER TOLLING OF ANY APPLICABLE STATUTE OF LIMITATIONS

41.   Aztec denies each and every allegation of Paragraph 41 of the Amended
Complaint.

42.   Aztec denies each and every allegation of Paragraph 42 of the Amended
Complaint.

43.   Aztec denies each and every allegation of Paragraph 43 of the Amended
Complaint.

44.   Aztec denies each and every allegation of Paragraph 44 of the Amended
Complaint.

45.   Aztec denies each and every allegation of Paragraph 45 of the Amended
Complaint.

46.   Aztec denies each and every allegation of Paragraph 46 of the Amended
Complaint.

DC1:515473.1

47. Aztec denies each and every allegation of Paragraph 47 of the Amended Complaint.

## DAMAGES

48. Aztec denies each and every allegation of Paragraph 48 of the Amended Complaint.

## PRAYER FOR RELIEF

49. Aztec denies each and every allegation contained in the Prayer For Relief set forth in Paragraph 49 of the Amended Complaint, and Aztec specifically denies that this action may be maintained as a class action on behalf of the proposed class, or otherwise; Aztec also specifically denies that plaintiffs or anyone else claimed to be members the purported class are entitled to damages, attorneys' fees, costs or expenses in any amount or to any other relief of any kind whatsoever.

50. Aztec denies each and every allegation of the Amended Complaint not specifically admitted above.

Without assuming any burden of proof that it would not otherwise bear, Aztec also asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the claims raised in the Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed due to plaintiffs' choice of an improper venue.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs do not have standing to bring the claims raised in the Amended Complaint.

DC1:515473.1

7

## FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted against Aztec.

## FIFITH AFFIRMATIVE DEFENSE

Plaintiffs' claims are time-barred in whole or in part by applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by laches.

## SEVENTH AFFIRMATIVE DEFENSE

The named plaintiffs have not sustained any cognizable injury or antitrust injury attributable to Aztec's conduct or the conduct of any alleged co-conspirators.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the damages alleged, if any, are too speculative and remote, and because of the impossibility of the proof and allocation of such alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because plaintiffs failed to mitigate their alleged damages, if any.

## TENTH AFFIRMATIVE DEFENSE

Aztec adopts by reference any applicable defenses heretofore or subsequently pleaded by any other defendant not expressly set forth herein.

## ELEVENTH AFFIRMATIVE DEFENSE

Aztec reserves the right to assert other defenses as discovery proceeds.

DC1:515473.1

Dated June 13, 2002

Respectfully Submitted,

Richard G. Parker
D.C. Bar No. 327544
O'MELVENY & MYERS LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004-1109
(202) 383-5300

Attorneys for Defendant Aztec Peroxides,
LLC

DC1:515473.1

## CERTIFICATE OF SERVICE

I hereby certify that this 13th day of June, 2002, true and correct copies of the foregoing Answer of Aztec Peroxides, LLC to Amended Class Action Complaint have been served upon the following:

### VIA ELECTRONIC CASE FILING:

Ann C. Yahner
Mary N. Strimel
COHEN MILSTEIN HAUSFELD & TOLL, PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005

Elizabeth McCallum
HOWREY SIMON ARNOLD & WHITE
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004

### VIA FIRST CLASS U.S. MAIL

D. Jarrett Arp
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Linda P. Nussbaum
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
825 Third Avenue, 30th Floor
New York, NY 10022

Steven O. Sidener
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, CA 94105

Marc H. Edelson
HOFFMAN & EDELSON
45 West Court Street
Doylestown, PA 18901

Eugene A. Spector
SPECTOR, ROSEMAN & KODROFF
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Jay B. Shapiro
STEARNS WEAVER MILLER WEISSLER
  ALHADEEF & SITTERSON
Museum Tower, Suite 220
150 West Flagler Street
Miami, FL 33130

Laurence T. Sorkin
Roy L. Regozin
CAHILL GORDON & REINDEL
80 Pine Street
New York, NY 10005

H. Laddie Montague, Jr.
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

Anthony J. Bolognese
BOLOGNESE & ASSOCIATES, L.L.C.
One Penn Center, Suite 650
1617 JFK Boulevard
Philadelphia, PA 19103

Robert N. Kaplan
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue, 22nd Floor
New York, NY 11220

Joseph Milano
SCHWARTZ LEVIN & MILANO, LLP
275 Madison Avenue
New York, NY 10016-1101

Steven A. Kanner
William H. London
MUCH SHELIST FREED DENENBERG
  AMENT & RUBENSTEIN, P.C.
200 N. LaSalle Street, Suite 2100
Chicago, IL 60601-1095
Tel: (312) 346-3100
Fax: (312) 621-1750

Karin F. Richards