# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IVAX CORP. and POLYVEL, INC.,<br><br>               Plaintiffs,<br><br>v.<br><br>AZTEC PEROXIDES, L.L.C., LAPORTE PLC, DEGUSSA AG, ATOFINA CHEMICALS, INC., ELF ATOCHEM S.A., ATOFINA S.A., and TOTAL FINA ELF S.A.,<br><br>               Defendants. | Case No. 1:02CV00593 (JR) |

## DEGUSSA AG'S MOTION TO DISMISS
### FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY,
### FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Degussa AG ("Degussa") respectfully moves that this Court dismiss Degussa from the instant action for lack of personal jurisdiction. As explained in the accompanying memorandum, Degussa lacks sufficient contacts with the District of Columbia to render the exercise of personal jurisdiction proper under any statute or under the Due Process Clause of the United States Constitution. Alternatively, should the Court find jurisdiction over Degussa, it nevertheless should dismiss Plaintiffs' Complaint under Rule 12(b)(6). Assuming all of the allegations in the Complaint to be true, Plaintiffs have failed to state a claim against Degussa upon which relief may be granted. Proposed orders are attached.

DATED:  July 22, 2002

Respectfully submitted,

Richard G. Parker
William J. Stuckwisch
Goodwin Liu
O'MELVENY & MYERS LLP
555 Thirteenth Street NW
Washington, D.C.  20004
(202) 383-5300

*Attorneys for Degussa AG*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IVAX CORP. and POLYVEL, INC., | |
| Plaintiffs, | |
| v. | Case No. 1:02CV00593 (JR) |
| AZTEC PEROXIDES, L.L.C., LAPORTE PLC, DEGUSSA AG, ATOFINA CHEMICALS, INC., ELF ATOCHEM S.A., ATOFINA S.A., and TOTAL FINA ELF S.A., | |
| Defendants. | |

## O R D E R

Upon consideration of the arguments presented by Plaintiffs and Defendant Degussa AG, it is hereby **ORDERED** that Defendant Degussa AG's motion to dismiss for lack of personal jurisdiction is granted with costs.

Entered this ___ day of ___, 2002.

_____
The Honorable James Robertson
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IVAX CORP. and POLYVEL, INC.,

        Plaintiffs,

v.

AZTEC PEROXIDES, L.L.C., LAPORTE
PLC, DEGUSSA AG, ATOFINA
CHEMICALS, INC., ELF ATOCHEM S.A.,
ATOFINA S.A., and TOTAL FINA ELF
S.A.,

        Defendants.

Case No. 1:02CV00593 (JR)

## O R D E R

Upon consideration of the arguments presented by Plaintiffs and Defendant Degussa AG,

it is hereby **ORDERED** that Defendant Degussa AG's motion to dismiss for failure to state a

claim upon which relief may be granted is granted with costs.

Entered this ___ day of ___, 2002.

 

                                          _____
The Honorable James Robertson
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Degussa AG's Motion to Dismiss for Lack

of Personal Jurisdiction or, Alternatively, for Failure to State a Claim Upon Which Relief May

Be Granted was served on the following:


### VIA ELECTRONIC CASE FILING:

Ann C. Yahner
Mary N. Strimel
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue NW
West Tower, Suite 500
Washington, D.C.  20005


### VIA FIRST-CLASS U.S. MAIL:

Linda P. Nussbaum
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
825 Third Avenue, 30th Floor
New York, New York  10022

Steven O. Sidener
Gold Bennett Cera & Sidener L.L.P.
595 Market Street, Suite 2300
San Francisco, California  94105

Anthony J. Bolognese
Bolognese & Associates L.L.C.
One Penn Center, Suite 650
1617 JFK Boulevard
Phildelphia, Pennsylvania  19103

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, Pennsylvania  18901

Robert N. Kaplan
Kaplan, Fox & Kilsheimer L.L.P.
805 Third Avenue, 22nd Floor
New York, New York  11220

Joseph Milano
Schwartz Levin & Milano
275 Madison Avenue
New York, New York  10016-1101

Michael E. Criden
Hanzman Criden Chaykin & Rolnick P.A.
Commercebank Building
2200 Alhambra Circle, Suite 400
Coral Gables, Florida 33134

Jay B. Shapiro
Stearns Weaver Miller Weissler Alhadeef &
Sitterson
Museum Tower, Suite 220
150 West Flagler Street
Miami, Florida  33130

Eugene A. Spector
Spector, Roseman & Kodroff
1818 Market Street, Suite 2500
Philadelphia, Pennsylvania  19103

H. Laddie Montague, Jr.
Ruthanne Gordon
David A. Langer
Berger & Montague P.C.
1622 Locust Street
Philadelphia, Pennsylvania  19103

Margaret M. Zwisler
Elizabeth B. McCallum
Eric J. McCarthy
Howrey Simon Arnold & White L.L.P.
1299 Pennsylvania Avenue NW
Washington, D.C. 20004

Steven A. Kanner
Much Shelist Freed Denenberg Ament &
Rubenstein P.C.
200 N. LaSalle Street, Suite 2100
Chicago, Illinois  60601-1095

Karen P. Flynn
Atofina Chemicals, Inc.
2000 Market Street
Philadelphia, Pennsylvania 19103-3222
(215) 419-7061

Dated: July 19, 2002

Richard G. Parker
*Attorney for Degussa AG*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IVAX CORP. and POLYVEL, INC.,

        Plaintiffs,

v.

AZTEC PEROXIDES, L.L.C., LAPORTE
PLC, DEGUSSA AG, ATOFINA
CHEMICALS, INC., ELF ATOCHEM S.A.,
ATOFINA S.A., and TOTAL FINA ELF
S.A.,

        Defendants.

Case No. 1:02CV00593 (JR)

## MEMORANDUM IN SUPPORT OF DEGUSSA AG'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiffs have brought this action against manufacturers of organic peroxides, asserting claims under § 1 of the Sherman Act.  Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Degussa AG ("Degussa") moves for dimissal on the ground that this Court lacks personal jurisdiction over Degussa.  As explained below, the Complaint fails to allege any contacts between Degussa and the District of Columbia that could properly subject Degussa to this Court's jurisdiction under the Clayton Act, the District of Columbia long-arm statute, or the United States Constitution.

Should the Court find that it has personal jurisdiction over Degussa, Degussa has also moved for dismissal pursuant to Rule 12(b)(6).  As explained below, the Complaint nowhere alleges that Degussa was involved in unlawful anticompetitive activities, and thus Plaintiffs do not state any claim against Degussa upon which relief may be granted.

## BACKGROUND

On May 30, 2002, Plaintiffs filed a Class Action Complaint in the instant case, *IVAX Corp. v. Aztec Peroxides, L.L.C.*, No. 1:02CV00593(JR) (D.D.C.), alleging a price-fixing conspiracy among three groups of organic peroxide manufacturers: (1) the "Aztec Group," consisting of Defendants Aztec Peroxides, L.L.C., Laporte plc, and Degussa AG, *see* Compl. ¶¶ 9-11; (2) the "Atofina" group, consisting of Defendants Atofina Chemicals, Inc., Elf Atochem S.A., Atofina S.A., and Total Fina Elf S.A, *see id.* ¶¶ 12-15, and (3) the "Akzo Nobel" group, consisting of alleged co-conspirators Akzo Nobel Chemicals B.V. and Akzo Nobel Inc., *see id.* ¶¶ 16-17. The Complaint alleges a class period "from January 1, 1997 through December 31, 2000." *Id.* ¶ 20; *see id.* ¶ 33 (alleging conspiracy "[b]eginning no later than December 1996 and continuing thereafter until December 31, 2000").

Plaintiffs allege that every Defendant and co-conspirator—except Degussa and Total Fina Elf S.A.—"was engaged in the manufacture, distribution and sale of organic peroxides in the United States" during the relevant period. *Id.* ¶¶ 9, 10, 12, 13, 14, 16, 17. The only specific allegations regarding Degussa are in paragraph 11 of the Complaint: "Defendant Degussa AG ('Degussa') is a German corporation with its principal place of business in Dusseldorf, Germany. On information and belief, in 2001, Degussa purchased Laporte." *Id.* ¶ 11.

## ARGUMENT

### I.    THERE IS NO STATUTORY OR CONSTITUTIONAL BASIS FOR THE EXERCISE OF PERSONAL JURISDICTION OVER DEGUSSA.

Before a federal court may exercise personal jurisdiction over a defendant, there must be not only "notice to the defendant" but also "a basis for the defendant's amenability to service of

summons" and "a constitutionally sufficient relationship between the defendant and the forum."
*Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). On a motion to dismiss, the
burden is on the plaintiff to make a *prima facie* case that personal jurisdiction exists. *See Crane
v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456, 458 (D.C. Cir. 1990); *accord First Chicago Int'l v.
United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988) ("the general rule is that a plaintiff must
make a *prima facie* showing of the pertinent jurisdictional facts").

Degussa's lack of contacts with the District of Columbia puts the company beyond the
reach of the District's long-arm statute and beyond the exercise of jurisdiction permissible under
the Due Process Clause. Moreover, under *GTE New Media Services Inc. v. BellSouth Corp.*, 199
F.3d 1343 (D.C. Cir. 2000), the authorization for worldwide service of process in § 12 of the
Clayton Act provides no basis for the exercise of personal jurisdiction over Degussa because
Plaintiffs have not and cannot show that Degussa is an inhabitant of, may be found in, or
transacts business in the District of Columbia.

A.    **THE EXERCISE OF PERSONAL JURISDICTION OVER DEGUSSA WOULD EXCEED
THE REACH OF THE DISTRICT OF COLUMBIA'S LONG-ARM STATUTE AND WOULD
VIOLATE THE DUE PROCESS CLAUSE.**

Absent other statutory authorization, "[t]o establish personal jurisdiction over a non-
resident, a court must engage in a two-part inquiry: A court must first examine whether
jurisdiction is applicable under the state's long-arm statute and then determine whether a finding
of jurisdiction satisfies the constitutional requirements of due process." *GTE*, 199 F.3d at 1347.

The District of Columbia's long-arm statute provides in relevant part:

A District of Columbia court may exercise personal jurisdiction over a person,
who acts directly or by an agent, as to a claim for relief arising from the
person's—

3

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

(5) having an interest in, using, or possessing real property in the District of Columbia . . . .

D.C. Code Ann. § 13-423(a). "[Subs]ection (a)(1)'s 'transacting any business' clause generally has been interpreted to be coextensive with the Constitution's due process requirements." *GTE*, 199 F.3d at 1347. Due process requires that the defendant have at least "minimum contacts" with the forum so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *see World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (under "minimum contacts" standard, courts must ensure that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there").

As the Affidavit of Asma Saeed Hussain, Senior Counsel of Degussa AG, makes clear, Degussa satisfies none of the predicates for personal jurisdiction listed in the D.C. long-arm statute. Headquartered in Dusseldorf, Germany, Degussa during the alleged class period was not licensed to do business in the District of Columbia; did not have a registered agent for service of process in the District; did not own any real property or tangible personal property in the District; did not lease any office space or other facility of any kind in the District; did not maintain a telephone, telex, or telefax number in the District; had no directors, officers, employees, or

4

agents in the District; did not have a bank or brokerage account in the District; did not sell or

deliver its products to any customer in the District; did not commit any tortious act or cause any

injury in the District; and was not engaged in continuous or systematic activity of any kind in the

District. *See* Affidavit of Asma Saeed Hussain ¶¶ 1, 5-15 (attached).

Tellingly, among all of the Defendants and co-conspirators named in the Complaint,

Degussa is the only entity ***not*** alleged by Plaintiffs to have "engaged in the manufacture,

distribution and sale of organic peroxides in the United States," Compl. ¶¶ 9, 10, 12, 13, 14, 17,

18, or to have "dominated and controlled the business of" a company "engaged in the

manufacture, distribution and sale of organic peroxides in the United States," *id.* ¶ 13, 14, 15,

during the relevant period.

It is thus clear—based on the Affidavit of Ms. Hussain and Plaintiffs' own allegations—

that Degussa has not engaged in any conduct specified by subsections (a)(2), (a)(3), (a)(4), or

(a)(5) of the District's long-arm statute.  Nor has it "transact[ed] . . . business" in the District

within the meaning of subsection (a)(1).  "A corporation transacts business within the District

only if the business is of a 'substantial character.' " *World Wide Minerals Ltd. v. Republic of

Kazakhstahn*, 116 F. Supp. 2d 98, 106 (D.D.C. 2000); *see El-Fadl v. Cent. Bank of Jordan*, 75

F.3d 668, 675 (D.C. Cir. 1996) (D.C. long-arm statute "requires a 'continuing corporate presence

in the forum . . . directed at advancing the corporation's objectives' " (citation omitted)); *Armco

Steel Co. v. CSX Corp.*, 790 F. Supp. 311, 320 (D.D.C. 1991) (contact must be "integral to the

conduct of . . . business"); *Chrysler Corp. v. Gen. Motors Corp.*, 589 F. Supp. 1182, 1205

(D.D.C. 1984) (contacts "must represent a deliberate and voluntary association with the forum"

and "should be of a quantity and quality sufficient to demonstrate a purpose to obtain the benefits

and protections of the forum").  Degussa has had ***no*** purposeful or beneficial contacts, much less

contacts of a "substantial character," with the District during the relevant period and thus lies beyond the reach of the District's long-arm statute.[1]

For the same reason, the exercise of personal jurisdiction over Degussa would run afoul of the Due Process Clause. Plaintiffs allege no basis (and none exists) for finding that Degussa "purposefully directed [its] activities at residents of the [District]." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (internal quotation marks omitted); *see First Chicago*, 836 F.2d at 1378 (defendant did not "purposefully direct[]" its activities toward the District by "receiv[ing] checks drawn on accounts in the District" and "wr[iting] checks . . . that were eventually deposited in the District by third parties"). And although "jurisdiction may be based solely on a nonresident defendant's 'continuous and systematic general business contacts' with the forum," here Plaintiffs have "alleged no business contacts of a continuous and systematic nature linking [Degussa] . . . with this jurisdiction." *Mizlou Television Network, Inc. v. Nat'l Broad. Co.*, 603 F. Supp. 677, 681 (D.D.C. 1984) (citation omitted); *see El-Fadl*, 75 F.3d at 675 ("mere isolated and sporadic contacts unrelated to the claims in the instant case" provides no basis for personal jurisdiction). Degussa thus lacks the minimum contacts required by the Due Process Clause for the exercise of personal jurisdiction.

Personal jurisdiction over Degussa likewise cannot be predicated on a conspiracy theory of jurisdiction. "The conspiracy theory of jurisdiction provides that where a court has personal jurisdiction over the co-conspirator of a non-resident defendant . . . due to overt acts committed by the co-conspirator in the forum in furtherance of the conspiracy, the co-conspirator is deemed the non-resident defendant's 'agent' for purposes of the long-arm statute." *United States v.*

---

[1]    Even if Plaintiffs had alleged some contact between Degussa and the District, "the contact must give rise to the claim." *World Wide Minerals*, 116 F. Supp. 2d at 106; *see* D.C. Code Ann. § 13-423(b). Having failed to allege any contact between Degussa and the District, Plaintiffs obviously do not satisfy this requirement either.

*Philip Morris Inc.*, 116 F. Supp. 2d 116, 122 (D.D.C. 2000) (citing *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.C. Cir. 1997)).[2]  To rely on this theory, Plaintiffs must make a *prima facie* showing (a) that Degussa is a co-conspirator and (b) that conspirators other than Degussa performed overt acts in the District in furtherance of the alleged conspiracy.  *See Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 523-24 (D.C. Cir. 2001) ("*SAF*").

But here, as in *SAF*, Plaintiffs fail to allege any "specific acts" showing that Degussa participated in the alleged conspiracy.  *Id.*  The Complaint contains only one allegation of a specific act by Degussa—*i.e.*, that "in 2001, Degussa purchased Laporte." Compl. ¶ 11.  But the purchase of Laporte *in 2001* does not suggest Degussa's involvement in a conspiracy alleged by Plaintiffs to have occurred "from January 1, 1997 through December 31, 2000." *Id.* ¶ 20; *see also* Part II *infra*.

Moreover, Plaintiffs fail to allege any "overt acts committed by [a] co-conspirator in the [District] in furtherance of the conspiracy." *Philip Morris*, 116 F. Supp. 2d at 122.  The *only* statement in the Complaint regarding acts committed in the District is the allegation that "a substantial part of the events giving rise to Plaintiffs' claims occurred and a substantial portion of the affected interstate trade and commerce . . . has been carried out in this district." Compl. ¶ 6. The exercise of personal jurisdiction over Degussa cannot rest on such a vague and conclusory allegation.  By way of comparison, the D.C. Circuit in *SAF* rejected plaintiffs' reliance on a conspiracy theory of jurisdiction where the record showed that some of the alleged conspirators

---

[2]     "While conspiracy-based jurisdiction has been approved as a general principle in the District of Columbia, such approval has been given only in cases where the defendant has not contested the existence of the conspiracy." *Philip Morris*, 116 F. Supp. 2d at 122 (citing *Dooley v. United Tech. Corp.*, 786 F. Supp. 65 (D.D.C. 1992), and *Mandelkorn v. Patrick*, 359 F. Supp. 692 (D.D.C. 1973)).  If Degussa's motion to dismiss is denied, Degussa will contest the existence of the conspiracy alleged by Plaintiffs.

had attended a meeting in the District where an allegedly unlawful scheme was hatched.  *See* 274 F.3d at 524.  Here, Plaintiffs have not alleged *any* specific conduct in the District in furtherance of the conspiracy, making the lack of personal jurisdiction even more obvious here than in *SAF*. In short, Plaintiffs have failed to " 'allege specific acts connecting [the] defendant with the forum.' "  *Id.* (quoting *First Chicago*, 836 F.2d at 1378 (internal quotation marks and citation omitted)).

Finally, personal jurisdiction over Degussa cannot be predicated on the mere allegation that Degussa bought Laporte in 2001.  To be sure, "if parent and subsidiary are not really separate entities, or one acts as an agent of the other, the local subsidiary's contacts can be imputed to the foreign parent."  *El-Fadl*, 75 F.3d at 675-76 (internal quotation marks and citations omitted).  But Plaintiffs have not alleged that Laporte (or any other subsidiary) had sufficient contacts with the District during the relevant period.  Nor have Plaintiffs alleged that Degussa and Laporte are not really separate entities or that Laporte acted as Degussa's agent in the alleged conspiracy—a conspiracy that, according to Plaintiffs' own Complaint, terminated *before* Degussa purchased Laporte.  Moreover, Plaintiffs nowhere allege that Degussa "dominated and controlled the business" of its subsidiaries.  All that Plaintiffs have alleged with respect to Degussa is that "in 2001, Degussa purchased Laporte."  Compl. ¶ 11.  Yet it is well-established that "a parent-subsidiary relationship alone is insufficient" "to attribute the subsidiary's contacts with the District of Columbia to the parent corporation."  *El-Fadl*, 75 F.3d at 676 (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 336-37 (1925)).  Thus, there is no basis in the Complaint for the exercise of personal jurisdiction over Degussa.

**B.    SECTION 12 OF THE CLAYTON ACT PROVIDES NO BASIS FOR THE EXERCISE OF PERSONAL JURISDICTION OVER DEGUSSA.**

Claiming that "[v]enue is proper in this judicial district pursuant to Section 12 of the Clayton Act," Compl. ¶ 6, Plaintiffs presumably rely on the worldwide service of process clause in § 12 as an alternative basis for personal jurisdiction over Degussa.  Section 12 consists of two clauses.  The first governs venue, and the second governs service of process:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22.

In *GTE New Media Services Inc. v. BellSouth Corp.*, the D.C. Circuit held that "[a] party seeking to take advantage of Section 12's liberalized service provisions must follow the dictates of both of its clauses."  199 F.3d at 1351.  There, GTE argued that the District Court had personal jurisdiction over defendants who "acted to maximize usage of their websites in the District," *id.* at 1350, even though they had " 'no other contacts with the District of Columbia' " apart from their websites, *id.* at 1346 (quoting District Court order (emphasis omitted)).  Rejecting GTE's view that worldwide service of process is proper when venue is obtained "under either Section 12 or under the general federal venue provision of 28 U.S.C. § 1391," *id.* at 1350, the Court of Appeals instead concluded that "because GTE has not shown that the defendants were inhabitants of, may be found in, or transacted business in the District, as required by Section 12's first clause, it cannot avail itself of Section 12's second clause," *id.* at 1351.  " '[T]he extraterritorial service privilege is given only when the other requirements are satisfied.' "  *Id.* (quoting *Goldlawr, Inc. v. Heiman*, 288 F.2d 579, 581 (2d Cir. 1961), *rev'd on other grounds*, 369 U.S. 463 (1962)).

Under *GTE*, this Court does not have personal jurisdiction over Degussa unless Plaintiffs can show that Degussa was an inhabitant of, may be found in, or transacted business in the District of Columbia. However, as explained above, *see supra* at 4-6, no such showing can be made. Assuming the truth of all the allegations in the Complaint, there is no factual basis for concluding that venue is proper in the District of Columbia under § 12's first clause. Accordingly, § 12 cannot support the exercise of personal jurisdiction over Degussa. As the Court of Appeals held, " 'if a corporation is not an inhabitant of, is not found in, and does not transact business in, the district, suit may not be so brought.' " *GTE*, 199 F.3d at 1351 (quoting *Goldlawr*, 288 F.2d at 581).

The Complaint also alleges that venue is proper pursuant to 28 U.S.C. § 1391(d), which provides that "[a]n alien may be sued in any district." But § 1391(d) itself "does not establish personal jurisdiction in any Federal District Court." *Mylan Labs., Inc. v. Akzo, N.V.*, No. Civ. A. 89-1671, 1990 WL 58466, at *7 n.20 (D.D.C. Mar. 27, 1990). Instead, the import of § 1391(d) is that "alien corporations may be sued in any district *where valid service of process can be made against the alien corporation*." *Id.* (emphasis added).[3] Under *GTE*, personal jurisdiction exists *only if* venue is proper in the District of Columbia under the first clause of Clayton Act § 12. Here it is not.

In *In re Vitamins Antitrust Litigation*, 94 F. Supp. 2d 26 (D.D.C. 2000), Judge Hogan reached the same conclusion when plaintiffs, who sought to establish personal jurisdiction via Clayton Act § 12, invoked § 1391(d) as an alternative basis for establishing venue. Observing

---

[3]    *See Weinstein v. Norman M. Morris Corp.*, 432 F. Supp. 337, 339 (E.D. Mich. 1977) (§ 1391(d) does not "authorize[] personal jurisdiction over aliens by any district court, but rather [provides] that venue would be proper in any district where valid service of process (pursuant to a state long-arm or a federal jurisdictional statute) could be effected on the alien").

that *GTE* involved domestic defendants and thus construed § 12 to reject § 1391(b) and (c) as

alternative bases for venue, Judge Hogan said:

> [T]he D.C. Circuit explicitly held that an antitrust plaintiff relying on the
> worldwide service of process provisions of Section 12 of the Clayton Act must
> also meet the venue provisions of that statute. *GTE*, 199 F.3d at 1351. This
> Circuit explicitly rejected the Ninth Circuit's holding in *Go Video* that a plaintiff
> could rely on alternate bases for venue after resort to Section 12's authorization
> for extraterritorial service. . . . Therefore, the Court sees no merit in plaintiffs'
> argument that although an antitrust plaintiff cannot use the venue provisions of 28
> U.S.C. § 1391(b) and (c) when relying on the Clayton Act's worldwide service of
> process provision, such a plaintiff could use the venue provision of 28 U.S.C.
> § 1391(d) when relying on that same service provision. Under *GTE*, the liberal
> service of process provision of the Clayton Act is applicable only to plaintiffs
> who also satisfy that statute's venue provision. *GTE*, 199 F.3d at 1351.

*Vitamins*, 94 F. Supp. 2d at 30.

In any event, for the reasons discussed above, *see supra* at 6, even if § 12 were to

authorize personal jurisdiction over Degussa, the exercise of such jurisdiction absent any

allegation of minimum contacts between Degussa and the District of Columbia would violate the

Due Process Clause.

\*        \*        \*        \*

In sum, neither § 12 of the Clayton Act nor any other statute provides a basis for personal

jurisdiction over Degussa within the bounds of fair play and substantial justice prescribed by the

Due Process Clause.  Accordingly, Degussa should be dismissed.

II.    **ASSUMING ALL ALLEGATIONS IN THE COMPLAINT TO BE TRUE, PLAINTIFFS FAIL TO STATE A VALID LEGAL CLAIM AGAINST DEGUSSA.**

To state a price-fixing claim under § 1 of the Sherman Act, a plaintiff must allege, among other things, that the defendant entered into an unlawful agreement. *See FTC v. Mylan Lab., Inc.*, 62 F. Supp. 2d 25, 55-56 (D.D.C. 1999). As described above, although the Complaint alleges a conspiracy "during the period from January 1, 1997 through December 31, 2000," Compl. ¶ 20, Plaintiffs' only allegation against Degussa is that *after* the alleged conspiracy ended, "*in 2001*, Degussa purchased Laporte." *Id.* at ¶ 11 (emphasis added). Accepting the allegation as true, Degussa's mere purchase of Laporte in 2001 in no way renders Degussa liable for a conspiracy alleged to have occurred between January 1, 1997 and December 31, 2000.

To be sure, a parent company may be liable for the acts of its wholly-owned subsidiary if the parent " 'so dominated the [subsidiary] corporation as to negate its separate personality.' " *Material Supply Int'l, Inc. v. Sunmatch Indus. Co.*, 62 F. Supp. 2d 13, 20 (D.D.C. 1999) (quoting *Hart v. Dep't of Agriculture*, 112 F.3d 1228, 1231 (D.C. Cir. 1997) (citation omitted)). But Plaintiffs have not alleged any facts to support such a theory. Indeed, far from alleging that Laporte and Degussa somehow were "alter egos" during the alleged conspiracy period, that Laporte acted as an agent for Degussa during the relevant period, or that Degussa in any way controlled Laporte's decision-making during the relevant period, Plaintiffs allege that Degussa had nothing to do with Laporte until *after* the alleged conspiracy when "*in 2001*, Degussa purchased Laporte." Compl. ¶ 11 (emphasis added). Plaintiffs have thus failed to plead a claim against Degussa for Laporte's alleged conduct *prior to 2001*. *See Binder v. Bristol-Myers Squibb, Co.*, 184 F. Supp. 2d 762, 773 (N.D. Ill. 2001) (wholly-owned subsidiary could not have acted on behalf of parent where parent had not yet acquired subsidiary at the time of the alleged tort; "the parent company is not responsible for the pre-acquisition liabilities of its wholly-owned

12

subsidiary"); *see also Valley Fin., Inc. v. United States*, 629 F.2d 162, 172 (D.C. Cir. 1980)

("[t]he fact of sole ownership is not by itself sufficient" to justify piercing the corporate veil).

In sum, Plaintiffs have not alleged any facts—about either Degussa's own conduct or its

relationship with Laporte—adequate to support antitrust liability against Degussa.  Because

Plaintiffs have failed to state a claim upon which relief may be granted, Degussa should be

dismissed.

## CONCLUSION

For the foregoing reasons, Degussa respectfully requests that the Court dismiss Degussa

from this case for lack of personal jurisdiction or, should the Court find personal jurisdiction, for

Plaintiffs' failure to state a claim upon which relief may be granted.

DATED:  July 22, 2002                              Respectfully submitted,

                                                   Richard G. Parker
                                                   William J. Stuckwisch
                                                   Goodwin Liu
                                                   O'MELVENY & MYERS LLP
                                                   555 Thirteenth Street NW
                                                   Washington, D.C.  20004
                                                   (202) 383-5300
                                                   *Attorneys for Degussa AG*

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Memorandum in Support of Degussa

AG's Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, for Failure to State a

Claim Upon Which Relief May Be Granted was served on the following:

**VIA ELECTRONIC CASE FILING:**

Ann C. Yahner
Mary N. Strimel
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue NW
West Tower, Suite 500
Washington, D.C.  20005

**VIA FIRST-CLASS U.S. MAIL:**

Linda P. Nussbaum
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
825 Third Avenue, 30th Floor
New York, New York  10022

Steven O. Sidener
Gold Bennett Cera & Sidener L.L.P.
595 Market Street, Suite 2300
San Francisco, California  94105

Anthony J. Bolognese
Bolognese & Associates L.L.C.
One Penn Center, Suite 650
1617 JFK Boulevard
Phildelphia, Pennsylvania  19103

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, Pennsylvania  18901

Robert N. Kaplan
Kaplan, Fox & Kilsheimer L.L.P.
805 Third Avenue, 22nd Floor
New York, New York  11220

Joseph Milano
Schwartz Levin & Milano
275 Madison Avenue
New York, New York  10016-1101

Michael E. Criden
Hanzman Criden Chaykin & Rolnick P.A.
Commercebank Building
2200 Alhambra Circle, Suite 400
Coral Gables, Florida 33134

Jay B. Shapiro
Stearns Weaver Miller Weissler Alhadeef &
Sitterson
Museum Tower, Suite 220
150 West Flagler Street
Miami, Florida  33130

Eugene A. Spector
Spector, Roseman & Kodroff
1818 Market Street, Suite 2500
Philadelphia, Pennsylvania  19103

H. Laddie Montague, Jr.
Ruthanne Gordon
David A. Langer
Berger & Montague P.C.
1622 Locust Street
Philadelphia, Pennsylvania  19103

Margaret M. Zwisler
Elizabeth B. McCallum
Eric J. McCarthy
Howrey Simon Arnold & White L.L.P.
1299 Pennsylvania Avenue NW
Washington, D.C. 20004


Dated: July 19, 2002

Steven A. Kanner
Much Shelist Freed Denenberg Ament &
Rubenstein P.C.
200 N. LaSalle Street, Suite 2100
Chicago, Illinois  60601-1095

Karen P. Flynn
Atofina Chemicals, Inc.
2000 Market Street
Philadelphia, Pennsylvania 19103-3222
(215) 419-7061


_____
Richard G. Parker
*Attorney for Degussa AG*

15

No.   765   of the Roll of Deeds 2002



**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

IVAX CORP. and POLYVEL, INC.,

      Plaintiffs,

v.

AZTEC PEROXIDES, L.L.C., LAPORTE PLC,
DEGUSSA AG, ATOFINA CHEMICALS, INC.,
ELF ATOCHEM S.A., ATOFINA S.A., and
TOTAL FINA ELF S.A.,

      Defendants.

Case No. 1:02CV00593 (JR)

**AFFIDAVIT OF ASMA SAEED HUSSAIN IN SUPPORT OF
DEGUSSA AG'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND FOR FAILURE TO STATE A VALID CLAIM**

1.  I am the Senior Counsel of Degussa AG, a business entity with headquarters in
    Dusseldorf, Germany.  Degussa AG was formed in 2001.  Upon its formation,
    Degussa AG became an indirect owner of Laporte plc, which has been renamed
    Degussa UK Holdings Ltd.  Thus renamed, Laporte plc has continued in existence
    as an entity separate and distinct from Degussa AG.

2.  I make this Declaration in support of Degussa AG's motion to dismiss the
    Complaint against it for lack of personal jurisdiction and for Plaintiffs' failure to
    state a claim upon which relief may be granted.  I make this Declaration based
    upon my own personal knowledge and my familiarity with the corporate history
    and the business activities and records of Degussa AG.

3.  All references to Degussa AG's lack of contacts with the District of Columbia,
    although stated in the present tense herein, relate to the four-year period from
    January 1, 1997 through December 31, 2000 alleged by Plaintiffs to be the

relevant period for purposes of this lawsuit. The reason I have limited my declaration to the Period is that it would be unduly burdensome and difficult for me to conduct a review of the records of Degussa AG covering a greater time span.

4. Degussa AG is in the business of marketing and selling industrial chemicals, among other things.

5. Degussa AG is not licensed to do business in the District of Columbia.

6. Degussa AG does not have a registered agent for service of process in the District of Columbia.

7. Degussa AG does not lease any office space or other facility of any kind in the District of Columbia, nor does it maintain a telephone, telex, or telefax number in the District of Columbia.

8. Degussa AG does not own any real property or tangible personal property in the District of Columbia.

9. Degussa AG has no directors, officers, employees, or agents in the District of Columbia.

10. Degussa AG does not have a bank or brokerage account in the District of Columbia.

11. Degussa AG does not sell or deliver its products to any customer located in the District of Columbia.

12. Degussa AG is not engaged in continuous or systemic activity of any kind in the District of Columbia.

13. Degussa AG does not conduct or transact business in the District of Columbia.

14. Degussa AG has not committed any tortious act within the District of Columbia.

15. Degussa AG has not caused any injury within the District of Columbia.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on July 19th, 2002 in Frankfurt am Main, Federal Republic of Germany.

Asma Saeed Hussain, LL.M.
**Senior Counsel**

BEFORE ME, the undersigned authority, personally appered Asma S. Hussain, born on the 9th of June 1973, resident of Germany who upon being duly sworn, deposes and states that she executed the foregoing Affidavit and that the statements therein are true and correct to the best of her knowledge and belief.

THE FOREGOING INSTRUMENT was acknowledged before me on this 19th of July, 2002, by Asma S. Husain, who is personally known to me and who did take oath.

Notary Public

3