UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IVAX CORPORATION, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>AZTEC PEROXIDES, LLC<br>555 Garden Street<br>Elyria, Ohio 44035, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:02CV00593 (JR) |

**ANSWER OF DEGUSSA UK HOLDINGS LTD
TO AMENDED CLASS ACTION COMPLAINT**

Defendant Degussa UK Holdings Ltd ("Degussa UK Holdings"), formerly Laporte plc, in answer to the allegations of the Amended Class Action Complaint ("Amended Complaint"), admits, denies and avers as follows:

1. Degussa UK Holdings admits that Paragraph 1 of the Amended Complaint purports to summarize plaintiffs' allegations in the Amended Complaint.

2. Degussa UK Holdings admits that the plaintiffs purport to bring this lawsuit as a class action on behalf of certain purchasers of "organic peroxides," and admits that certain organic peroxides can have the properties described in Paragraph 2 of the Amended Complaint and can be useful in the formation of certain plastics, and in certain industries. Degussa UK Holdings denies the remaining allegations of Paragraph 2 of the Amended Complaint.

3. Degussa UK Holdings denies each and every allegation contained in Paragraph 3

DC1:520079.1

of the Amended Complaint.

4. Degussa UK Holdings admits that Plaintiffs purport to bring an action pursuant to the statutes referenced in Paragraph 4 of the Amended Complaint.

5. Degussa UK Holdings avers that Paragraph 5 of the Amended Complaint contains legal conclusions and statements of law to which no response is required, but to the extent a response is necessary, denies each and every allegation.

6. Degussa UK Holdings denies that it transacted business, maintained an office, had an agent, or was otherwise found in the District of Columbia during the purported Class Period, as defined in the Complaint. The remainder of Paragraph 6 of the Amended Complaint contains legal conclusions and statements of law to which no response is required, but to the extent a response is necessary, denies each and every allegation.

7. Degussa UK Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8. Degussa UK Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.

9. Degussa UK Holdings denies the allegations of Paragraph 9 of the Amended Complaint, which incorrectly names Aztec Peroxides, LLC as Aztec Peroxides Inc., and avers that since 2000, Aztec Peroxides, LLC has been a Delaware limited liability company, before which (during what is defined in the Amended Complaint as the "Class Period") it was a Delaware corporation.

10. Degussa UK Holdings denies the allegations of Paragraph 10 of the Amended Complaint, and avers that, during what is defined in the Amended Complaint as the "Class Period," Degussa UK Holdings was known as Laporte plc, and was a corporation organized under the laws of the United Kingdom and having its principal place of business in London,

DC1:520079.1

England, and that in 2001, Laporte plc's name was changed to Degussa UK Holdings Ltd. Degussa UK Holdings further avers that, during what is defined in the Amended Complaint as the "Class Period," Aztec Peroxides, LLC was a wholly-owned indirect subsidiary of Laporte plc.

11. Degussa UK Holdings admits that Degussa AG is a German corporation with its principal place of business in Dusseldorf, Germany, that in 2001, Laporte plc became an indirect wholly-owned subsidiary of Degussa AG and its name was changed to Degussa UK Holdings Ltd., and that plaintiffs refer to Aztec, Laporte, and Degussa as the Aztec Group.

12. Degussa UK Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13. Degussa UK Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14. Degussa UK Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint.

15. Degussa UK Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16. Degussa UK Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint.

17. Degussa UK Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint, except Degussa UK Holdings denies that is conspired with Akzo Nobel Chemicals, B.V., or any other entity.

18. Degussa UK Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint,

DC1:520079.1

except Degussa UK Holdings denies that is conspired with Akzo Nobel Inc., or any other entity.

19. Degussa UK Holdings denies each and every allegation of Paragraph 19 of the Amended Complaint.

20. Degussa UK Holdings denies each and every allegation of Paragraph 20 of the Amended Complaint.

21. Degussa UK Holdings denies the allegations in Paragraph 21 of the Amended Complaint, except admits that Plaintiffs purport to bring an action pursuant to Federal Rule of Civil Procedure 23 and its subparts.

22. Degussa UK Holdings denies the allegations of Paragraph 22 of the Amended Complaint, except Degussa UK Holdings is without sufficient knowledge or information to form a belief as to what plaintiffs "believe".

23. Degussa UK Holdings denies each and every allegation of Paragraph 23 of the Amended Complaint.

24. Degussa UK Holdings denies each and every allegation of Paragraph 24 of the Amended Complaint.

25. Degussa UK Holdings denies each and every allegation of Paragraph 25 of the Amended Complaint.

26. Degussa UK Holdings denies each and every allegation of Paragraph 26 of the Amended Complaint.

27. Degussa UK Holdings denies each and every allegation of Paragraph 27 of the Amended Complaint.

28. Degussa UK Holdings denies each and every allegation of Paragraph 28 of the Amended Complaint.

29. Degussa UK Holdings denies each and every allegation of Paragraph 29 of the

DC1:520079.1

Amended Complaint.

30. Degussa UK Holdings denies each and every allegation of Paragraph 30 of the Amended Complaint, except admits that certain organic peroxides can be used in connection with the manufacture of certain products, including certain plastics. Degussa UK Holdings admits further that certain organic peroxides can be used as chemical catalysts in the manufacture of plastics, and that certain organic peroxides can be used in polymer manufacture.

31. Degussa UK Holdings is without knowledge or information about the source of the factual allegations of Paragraph 31 of the Amended Complaint and cannot form a belief as to the truth of the allegations, except Degussa UK Holdings admits that Akzo Nobel, Atofina and the Aztec Group, as described in the Amended Complaint by the plaintiffs, are the three largest global producers of organic peroxides.

32. Degussa UK Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Amended Complaint, except Degussa UK Holdings admits that Aztec Peroxides, LLC operates a manufacturing facility in Elyria, Ohio.

33. Degussa UK Holdings denies each and every allegation of Paragraph 33 of the Amended Complaint.

34. Degussa UK Holdings denies each and every allegation of Paragraph 34 of the Amended Complaint.

35. Degussa UK Holdings denies each and every allegation of Paragraph 35 of the Amended Complaint.

36. Degussa UK Holdings denies each and every allegation of Paragraph 36 of the Amended Complaint.

37. Degussa UK Holdings denies each and every allegation of Paragraph 37 of the

Amended Complaint.

38. Degussa UK Holdings denies each and every allegation of Paragraph 38 of the Amended Complaint.

39. Degussa UK Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Amended Complaint, and avers that the document cited therein speaks for itself.

40. Degussa UK Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Amended Complaint, except denies that Elf Atochem S.A. pleaded guilty to a conspiracy covering organic peroxides other than t-butyl perbenzoate and t-butyl peracetate dedicated to styrene polymerization.

41. Degussa UK Holdings denies each and every allegation of Paragraph 41 of the Amended Complaint.

42. Degussa UK Holdings denies each and every allegation of Paragraph 42 of the Amended Complaint.

43. Degussa UK Holdings denies each and every allegation of Paragraph 43 of the Amended Complaint.

44. Degussa UK Holdings denies each and every allegation of Paragraph 44 of the Amended Complaint.

45. Degussa UK Holdings denies each and every allegation of Paragraph 45 of the Amended Complaint.

46. Degussa UK Holdings denies each and every allegation of Paragraph 46 of the Amended Complaint.

47. Degussa UK Holdings denies each and every allegation of Paragraph 47 of the Amended Complaint.

48. Degussa UK Holdings denies each and every allegation of Paragraph 48 of the Amended Complaint.

49. Degussa UK Holdings denies each and every allegation contained in the Prayer For Relief set forth in Paragraph 49 of the Amended Complaint, and specifically denies that this action may be maintained as a class action on behalf of the proposed class, or otherwise; Degussa UK Holdings also specifically denies that plaintiffs or anyone else claimed to be members the purported class are entitled to damages, attorneys' fees, costs or expenses in any amount or to any other relief of any kind whatsoever.

50. Degussa UK Holdings denies each and every allegation of the Amended Complaint not specifically admitted above.

Without assuming any burden of proof that it would not otherwise bear, Degussa UK Holdings also asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the claims raised in the Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction because Degussa UK Holdings does not have sufficient contacts with the District of Columbia.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed due to plaintiffs' choice of an improper venue.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs do not have standing to bring the claims raised in the Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted

DC1:520079.1

7

against Degussa UK Holdings.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are time-barred in whole or in part by applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by laches.

## EIGHTH AFFIRMATIVE DEFENSE

The named plaintiffs have not sustained any cognizable injury or antitrust injury attributable to Degussa UK Holdings' conduct or the conduct of any alleged co-conspirators.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the damages alleged, if any, are too speculative and remote, and because of the impossibility of the proof and allocation of such alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because plaintiffs failed to mitigate their alleged damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Degussa UK Holdings adopts by reference any applicable defenses heretofore or subsequently pleaded by any other defendant not expressly set forth herein.

## TWELFTH AFFIRMATIVE DEFENSE

Degussa UK Holdings reserves the right to assert other defenses as discovery proceeds.

DC1:520079.1

Dated July 22, 2002

                                        Respectfully Submitted,

                                        _____
                                        Richard G. Parker
                                        D.C. Bar No. 327544
                                        O'MELVENY & MYERS LLP
                                        555 13th Street, N.W.
                                        Suite 500 West
                                        Washington, D.C. 20004-1109
                                        (202) 383-5300

                                        Attorneys for Defendant Degussa UK
                                        Holdings Ltd.

DC1:520079.1

## CERTIFICATE OF SERVICE

I hereby certify that this 22nd day of July, 2002, true and correct copies of the foregoing Answer of Degussa UK Holdings Ltd. to Amended Class Action Complaint have been served upon the following:

**VIA ELECTRONIC CASE FILING:**

Ann C. Yahner
Mary N. Strimel
COHEN MILSTEIN HAUSFELD & TOLL, PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005

**VIA FIRST CLASS U.S. MAIL**

Margaret M. Zwisler
Elizabeth McCallum
Eric J. McCarthy
HOWREY SIMON ARNOLD & WHITE
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004

D. Jarrett Arp
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Linda P. Nussbaum
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
825 Third Avenue, 30th Floor
New York, NY 10022

Steven O. Sidener
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, CA 94105

Marc H. Edelson
HOFFMAN & EDELSON
45 West Court Street
Doylestown, PA 18901

Eugene A. Spector
SPECTOR, ROSEMAN & KODROFF
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Jay B. Shapiro
STEARNS WEAVER MILLER WEISSLER
  ALHADEEF & SITTERSON
Museum Tower, Suite 220
150 West Flagler Street
Miami, FL 33130

Laurence T. Sorkin
Roy L. Regozin
CAHILL GORDON & REINDEL
80 Pine Street
New York, NY 10005

H. Laddie Montague, Jr.
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

Anthony J. Bolognese
BOLOGNESE & ASSOCIATES, L.L.C.
One Penn Center, Suite 650
1617 JFK Boulevard
Philadelphia, PA 19103

Robert N. Kaplan
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue, 22nd Floor
New York, NY 11220

Joseph Milano
SCHWARTZ LEVIN & MILANO, LLP
275 Madison Avenue
New York, NY 10016-1101

Steven A. Kanner
William H. London
MUCH SHELIST FREED DENENBERG
  AMENT & RUBENSTEIN, P.C.
200 N. LaSalle Street, Suite 2100
Chicago, IL 60601-1095
Tel: (312) 346-3100
Fax: (312) 621-1750

_Karin F.R. Moore_ (signature)
Karin F.R. Moore